USCA1 Opinion

 

  United States Court of Appeals For the First CircuitNo. 97-2394 DAVID THOMAS, Plaintiff, Appellant, v. SEARS, ROEBUCK & CO. AND STEVEN MOORE, Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Douglas P. Woodlock, U.S. District Judge] Before Selya, Circuit Judge,  Bownes, Senior Circuit Judge,  and Lynch, Circuit Judge.   Mark S. Horrigan for appellant. Guy P. Tully, with whom Joan Ackerstein and Jackson, Lewis,Schnitzler & Krupman were on brief, for appellees.May 8, 1998   Lynch, Circuit Judge. David Thomas worked for Sears,Roebuck & Co. for twenty-seven years. Thomas performed well duringhis career, and before the events in 1995 that led to this lawsuithe was offered promotions to Sears corporate headquarters inIllinois, which he declined for personal reasons. Thomas wasterminated from his position as the Sears Automotive DistrictBusiness Manager for the Boston District (Automotive District #285)in 1996 during a restructuring of Sears' automotive business. Thomas brought suit, claiming that the termination of hisemployment was motivated by unlawful age discrimination and thatSears defamed him. He also alleged that Steven Moore, a Searscorporate headquarters employee, tortiously interfered with hiscontract and advantageous relations with Sears. The district courtgranted summary judgment in favor of both defendants. Finding noerror in the district court's judgment, we affirm. We review the district court's grant of summary judgmentde novo, and view all facts in the light most favorable to Thomas,drawing all reasonable inferences in his favor. See Aponte-Matosv. Toldeo-Davila, 135 F.3d 182, 186 (1st Cir. 1998). Summaryjudgment is appropriate when the evidence shows "that there is nogenuine issue as to any material fact and that the moving party isentitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plaintiff bears the "burden of proving that his yearswere the determinative factor in his discharge, that is, that hewould not have been fired but for his age." Freeman v. PackageMach. Co., 865 F.2d 1331, 1335 (1st Cir. 1988) (citations omitted). Once the plaintiff has established a prima facie case of agediscrimination, the burden shifts to the employer to articulate alegitimate, nondiscriminatory reason for its decision. See St.Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-7 (1993); Hidalgo v.Overseas Condado Ins. Agencies, Inc., 120 F.3d 328, 334 (1st Cir.1997). The plaintiff must then show that the employer's profferedreason is a pretext for age discrimination. See Hicks, 509 U.S. at515; Hidalgo, 120 F.3d at 335. To avoid summary judgment, the plaintiff must "elucidatespecific facts which would enable a jury to find the reason given[by the employer] was not only a sham, but a sham intended to coverup the employer's real motive: age discrimination." Medina-Munozv. R.J. Reynolds Tobacco Co., 896 F.2d 5, 9 (1st Cir. 1990)(citations omitted). This Thomas has failed to do. Assuming thatThomas established a prima facie case, we agree with the districtcourt that the undisputed evidence shows that Thomas did not meethis burden of showing he was fired as a result of agediscrimination. Starting in 1993, Sears underwent a process ofreorganization which resulted in a newly-formed Sears Tire Group. There were fewer managerial positions in this new Group than in theprior automotive organization. Accordingly, some people, includingThomas, were laid off. Each manager was evaluated according toneutral criteria. The criteria included the performance of thedistrict under that person's management. Points for twelve typesof "leadership skills" were assigned by both the home officeassessment team and by Sears personnel within the manager'sdistrict. These points were added in a weighted average formula. The overall performance of the manager's district in 1993 and 1994was converted into points and these points were added to theleadership skills score to arrive at an overall score. Thomasreceived low ratings on "change leadership skills," due to hisadmittedly vocal and intense disagreement with the new Searsbusiness plan. His district also had not done well during theperiod under review. Thomas' overall score was not high enough toresult in his retention. To counter Sears' articulation of a non-discriminatoryreason, Thomas challenges the assessment methodology and points toseveral statements. One statement is a comment attributed toWilliam McCall in September of 1995 that a number of people "hadbeen around for a long time" and when Sears reorganized there wouldbe a difference. That statement appears to have been literallytrue. The other statements, attributed to Steven Moore, were thatThomas "had been around too long" and "wasn't able to change," andthat Thomas' "days were numbered." Even if these remarks are,dubitante, interpreted as age animus, Thomas still has not producedsufficient evidence to meet his burden of showing that agediscrimination was the real reason for the termination of hisemployment. See Hicks 509 U.S. at 515 ("[A] reason cannot beproved to be 'a pretext for discrimination' unless it is shown boththat the reason was false, and that discrimination was the realreason."). In context, the inference of discrimination is, at best,very weak, in light of Thomas' statement that he was outspoken inhis disagreement with Sears' change in business philosophy. Plaintiff in fact agreed that at least part of the motivation toselect him for layoff was his disagreement with the company'schange in business philosophy. Under such circumstances, acriticism that someone is unable to change is not a coded allusioncloaking age discrimination. This gives added weight to the usualrule that stray comments are insufficient to meet the plaintiff'sburden in an ADEA case. See Mesnick v. General Elec. Co., 950F.2d 816, 826 (1st Cir. 1991). As to Thomas' defamation claims, we agree with thedistrict court that the purported defamatory statements were notactionable and were protected by the employer's conditionalprivilege. The claims of libel and slander arise out of commentsmade in internal company feedback and deficiency memoranda thatwere drafted after visits to Thomas' district, and a commentattributed to an employee that Thomas was disloyal, a troublemakerand negative on automotive issues. Under Massachusetts law, Sears'internal business communications are protected by a conditionalbusiness privilege. See Masso v. United Parcel Serv. of Am., Inc.,884 F. Supp. 610, 621-22 (D. Mass. 1995). "'An employer has aconditional privilege to disclose defamatory information concerningan employee when the publication is reasonably necessary to servethe employer's legitimate interest in the fitness of an employee toperform his or her job.'" McCone v. New England Tel. & Tel. Co.,471 N.E.2d 47, 51 (Mass. 1984) (quoting Bratt v. International Bus.Mach. Corp., 467 N.E.2d 126, 129 (Mass. 1984)). There is noevidence of reckless publication of the allegedly defamatorystatements and so there was no forfeiture of the conditionalprivilege. Thomas' tort claim for intentional interference with acontractual or advantageous relationship also arises out of thememoranda. This claim fails for several reasons. Because thememoranda were within Sears' conditional business privilege, theycannot support a claim of intentional interference. Moreover,Thomas has not demonstrated that his supervisors acted out of animproper motive or used improper means. See Walker v. WalthamHous. Auth., 44 F.3d 1042, 1049 n.1 (1st Cir. 1995) (requiringimproper motive, not concern for business interests, to bedemonstrated); King v. Driscoll, 638 N.E.2d 488, 494 (Mass. 1994)("One of the elements of intentional interference with contractualrelations is improper motive or means on the part of thedefendant."). That Thomas and Moore had different views about howto run the stores, as Thomas admits, does not establish malice, butrather the contrary. Thomas has failed to produce any evidencethat his superiors acted out of anything but concern for what theyperceived to be Sears' legitimate business interests. Thomas may well, and understandably, feel that his manyyears of loyal service to Sears should have resulted in a differentend. But the law protects only against certain conduct and Thomasdid not prove his case. Affirmed. Costs are awarded to appellees.